MICHAEL B. BERNAYS
State Bar No. #007057
801 N 1st Avenue
Phoenix, Arizona  85003
Phone:  602-254-5544, Ext. 103
Fax:      602-254-9263
E-mail: mbernays@jennagroup.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) Case No. CR 19-08091-PCT-MTL |
| Plaintiff, | ) |
| v | ) **MOTION FOR NEW TRIAL** |
| Brian Riggs, | ) |
| Defendant. | ) |

The defendant, Brian Riggs, through counsel, Michael B. Bernays, and pusuant to F.R.Cr.P. 33, and the fifth and sixth amendments to the United States Constitution, hereby moves the Court for a new trial on the grounds that the admission into evidence of the other acts evidence from New Mexico was error, and resulted in Mr. Riggs being denied due process and the effective assistance of counsel, all as is set forth in greater particularity in the accompanying memorandum of points and authorities.

RESPECTFULLY SUBMITTED this 14th day of October, 2022.


s/ Michael B. Bernays
Michael B. Bernays
Attorney for Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

During the trial of this case, the government was permitted to introduce evidence of two incidents which had occurred in Albuquerque, New Mexico, approximately 2 years prior to G.M.'s death. The first of these is an alleged assault said to have occurred on March 10, 2017.  According to police reports, G.M. claimed in this incident that he had been assaulted by Mr. Riggs. In a video of the police interaction with G.M., he is visibly intoxicated and nearly falls on his face while attempting to comply with officers' request that he sit on a curb. Mr. Riggs denied any involvement when interviewed by the police. No conviction ever resulted from these allegations.

The second incident the government introduced involved another claim by G.M. of an assault by Mr. Riggs, consisting of a claim by G.M. that he was punched by Mr. Riggs on November 14, 2017.  The matter was dismissed from court on February 15, 2018, due to the state's failure to provide discovery. Counsel can only speculate that the reason the case was dismissed had to do with either G.M.'s recantation or his refusal to cooperate.

The Court, after hearing, allowed the government to present this evidence. Mr. Riggs urges the Court to find, upon reflection, that the evidence was too likely to be used by the jury as propensity evidence, an improper use of other acts evidence, and that they may have  concluded that because Mr. Riggs has been accused previously of domestic abuse, he must have committed domestic abuse in this case. Because he did it before, he did it this time. Because he has the character trait of abusing domestic partners, he acted in accordance with that trait on this occasion. This is precisely what is prohibited by the Rule.

## II. THE DANGER OF 'PROPENSITY USE' OF THIS EVIDENCE OUTWEIGHED ITS PROBATIVE VALUE

For the purpose of this Motion For New Trial, Counsel for Mr. Riggs will focus on the Rule 403, Fed. Rules of Evid., aspect of the required analysis. As Mr. Riggs argued in his Opposition to these acts being admitted,

> "The use of such evidence must be narrowly circumscribed and limited." *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982). "Courts must be extremely careful to guard against the danger that defendants will be convicted because they have previously committed a [prior] serious criminal offense rather than because the government has introduced evidence sufficient to prove beyond a reasonable doubt that they are guilty of the offense for which they are being tried." *Id.*

*United States v. Charley*, 1 F.4th 637, 647-648 (9th Cir. 2021).

In conducting this analysis, the court should look to all the aspects of the evidence in this case. *United States v. Curtain*, 489 F.3d 935 (9th cir. 2007).Due to the remoteness, dissimilarity, and weak evidentiary basis for the proffered events, the probative value is less than compelling. The prejudice on the other hand is enormous. The jurors may well have convicted Mr. Riggs, not because the government had succeeded in producing evidence beyond a reasonable doubt that he actually killed G.M., but because of the history of domestic disputes between them lead them to think that Mr. Riggs is a "bad man" and should be convicted of whatever it is he is charged with. See Charley, 1 F.4th, at 647; *United States v. Brown*, 880 F.2d 1012 (9th Cir. 1989). On issues as emotional as domestic violence, the limiting instruction as was given by the Court simply cannot dispel the prejudice engendered by that evidence.

An additional consideration under a 403 analysis is the inability of counsel to effectively cross-examine the declarant, G.M., rendering his video-taped statements as admitted less than reliable. "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S., 316, 94 S.Ct. 1105, 1110 (1974). It has been called the " 'greatest legal

engine ever invented for the discovery of truth.' " *California v. Green*, 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970), quoting 5 J. Wigmore, Evidence § 1367, p. 29 (3d ed. 1940). But G.M.'s claims as to the other acts were never submitted to that crucible of truth. This makes them unreliable, and should swing the Rule 403 balancing of "more prejudicial than probative" in favor of inadmissibility.

## IV.    CONCLUSION

Rule 33, F.R.Cr.P., allows this Court to grant a new trial "...if the interest of justice so requires." Counsel for Mr. Riggs would respectfully urge the Court to, essentially, reconsider its ruling on the admissibility of the other acts evidence, recognize the danger in inappropriate use of that evidence, and grant Mr. Riggs a new trial.

RESPECTFULLY SUBMITTED this 14th day of October, 2022.

  s/ Michael B. Bernays
Michael B. Bernays
Attorney for Defendant

Copy of the foregoing sent Via EFC
14th day of October, 2022, to:

Tracy Van Buskirk, AUSA
and
Brian Kasprzyk, AUSA

Keilembo Ellison

By:   s/ Michael B. Bernays

\*\Motion for New Trial.wpd