**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-08091-001-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Brian Riggs, | |
| Defendant. | |

Before the Court is Defendant's Motion to Preclude Other Act Evidence (the "Motion"). (Doc. 245.)[1] For the reasons described below, the Court will deny the Motion.

**I.    BACKGROUND**

Defendant Brian Riggs is charged with second degree murder in violation of 18 U.S.C. §§ 1153 and 1111 for the killing of his companion, Gary Martinez, on February 16, 2019. After a seven-day trial, a jury found Mr. Riggs guilty of the charge.

The Ninth Circuit Court of Appeals vacated the conviction and remanded the case for a new trial. (Doc. 228-1 at 2.) The Ninth Circuit held that this Court erred in admitting certain out-of-court statements made by Mr. Martinez. (*Id.* at 1-2.) The mandate directs this Court to reconsider the statements' admissibility under the Confrontation Clause and hearsay rules. (*Id.* at 2-6.) The Ninth Circuit left open the admissibility of some statements

---

[1] The Court reminds the parties that its rulings are preliminary and dependent on *whether* and *for what purpose* evidence on the following subjects is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984) (explaining that in limine rulings are "subject to change when the case unfolds" and "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling").

made by Mr. Martinez. (*Id.*)

On May 15, 2025, the Parties appeared before the Court for an Evidentiary Hearing (the "May 15 Hearing"). The Government introduced 12 exhibits. (Doc. 254.) This evidence constitutes a subset of the evidence admitted at trial. The Government seeks to introduce fewer statements than before, consisting only of Mr. Martinez's statements to paramedics.

Later, the Parties filed supplemental briefs pertaining to whether Federal Rule of Evidence 404(b) was addressed on appeal. (*See* Docs. 256, 257.) Because the Government presented a narrower version of the evidence for the first time at the May 15 Hearing, the Court ordered further supplemental briefing on four issues: (1) the threshold issue of whether the evidence is permitted under Rule 404(b)(2); (2) whether the evidence raises Confrontation Clause issues; (3) whether the evidence raises hearsay issues; and (4) whether the evidence is more prejudicial than probative. (Doc. 258 at 2.) The Parties addressed these issues in subsequent supplemental briefs. (Docs. 261, 262.)

This Order addresses Defendant's Motion with respect to the four issues listed above as applied to the Government's narrower version of the evidence. The Court addresses the evidentiary concerns pursuant to the Ninth Circuit's guidance. (Doc. 228-1 at 2-6.)

**II.   THE GOVERNMENT'S EXHIBITS**

At the May 15 Hearing, the Government presented evidence that it wants to use at trial. The Government intends to present evidence of body-worn camera footage and photographs from March 10 and November 14, 2017. The contents of the exhibits are summarized below.[2]

- Exhibit 1 – A video clip from the body-worn camera of Officer Ian Ross on March 10, 2017. This clip shows a paramedic approaching Mr. Martinez and asking, "What happened tonight?" Mr. Martinez responds, "I got beat up." The paramedic

---

[2] The descriptions of the exhibits contained within this Order are based on the Court's independent review of the evidence and representations made at the May 15 Hearing and in the Parties' briefing.

- 2 -

responds, "You got beat up. You want us to check you out?" Mr. Martinez says, "my head." The paramedic then says, "Your head – what happened?" Mr. Martinez's response is inaudible.

- Exhibit 2 – A video clip from the body-worn camera of Officer Ian Ross on March 10, 2017. This clip shows a paramedic asking Mr. Martinez, "You having a hard time breathing?" Mr. Martinez can be heard coughing and says, "I got kicked." The paramedic asks Mr. Martinez, "You got kicked today?"
- Exhibit 3 – A still image from the body-worn camera of Officer Ian Ross on March 10, 2017, showing Mr. Martinez on the phone when the officers arrived on the scene.
- Exhibit 4a – A still image from the body-worn camera of Officer Ian Ross on March 10, 2017. This image shows an officer shining a flashlight on Mr. Martinez's head and a paramedic placing a hand on his head and observing injuries to his head.
- Exhibit 4b – A still image from the body-worn camera of Officer Ian Ross on March 10, 2017. This image shows an officer shining a flashlight on Mr. Martinez's head and two paramedics placing their hands on his head and observing injuries to his head.
- Exhibit 5a – A photograph from the crime scene specialist taken on March 10, 2017. This photograph shows Mr. Martinez on a hospital bed wearing a neck brace and connected to medical devices.
- Exhibit 5b – A photograph from the crime scene specialist taken on March 10, 2017. This photograph shows Mr. Martinez's injuries.
- Exhibit 5c – A photograph from the crime scene specialist taken on March 10, 2017. This photograph shows Mr. Martinez's injuries.
- Exhibit 5d – A photograph from the crime scene specialist taken on March 10, 2017. This photograph shows injuries to Mr. Martinez's cheek.
- Exhibit 5e - A photograph from the crime scene specialist taken on March 10, 2017. This photograph shows injuries to Mr. Martinez's forehead.
- Exhibit 9 – A video clip from the body-worn camera of Officer Phillip Meier on

      November 14, 2017. This clip shows two paramedics tending to Mr. Martinez in a hotel lobby. Mr. Martinez says, "I feel bumps on my head. This is where it hurts right here. He kept hitting me in the head, and I tried to, you know, I tried to, you know, that's where I got the bruises from." Parts of the clip are in audible. The paramedic can be heard asking, "How many times?"

- <u>Exhibit 10</u> – A video clip from the body-worn camera of Officer Phillip Meier on November 14, 2017. This clip shows two paramedics tending to Mr. Martinez in a hotel lobby. Someone asks Mr. Martinez, "Did you lose consciousness?" Mr. Martinez replies, "When I got hit? No, no. I just got dizzy, and yeah, he come and he kicked me out of the door." Mr. Martinez describes to the paramedics where his head hurts. He describes a surgery he had to his head as they examine the scar. Mr. Martinez says, "I bled through my nose. I cleaned it up."

None of this evidence contains statements from Mr. Martinez identifying the assailant. This evidence does not contain any statements to law enforcement officers, but exclusively contains discussion between paramedics and Mr. Martinez. (Doc. 262 at 6-7.)

### III.    LEGAL STANDARD

Federal Rule of Evidence 404 governs the admissibility of other-act evidence. Rule 404(b) states:

> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

### IV.    ANALYSIS

The Ninth Circuit stated, "the district court should carefully parse through the testimony to determine, on first instance, which of the statements, if any, may not violate the Confrontation Clause." (Doc. 228-1 at 3 n.1.) Regarding the medical diagnosis

exception to the rule against hearsay, the Ninth Circuit found that, "Martinez's statements to the police were not made for the purpose of medical treatment . . . With respect to statements Martinez made to the paramedics, any statement identifying Mr. Riggs as his assailant were inadmissible." (*Id*. at 5.) The Ninth Circuit left open the admissibility of other statements, so long as the district court addressed these issues on an individualized basis. (Doc. 228-1 at 3 n.1, 4 n.2.)

The Government argues that the evidence is narrowly tailored to comply with the Ninth Circuit's holdings regarding Confrontation Clause and hearsay issues. (Doc. 262 at 1.) Defendant argues that this evidence cannot be admitted as presented because there is no evidentiary link that Mr. Riggs was the assailant. (Doc. 261 at 6.)

### A. Federal Rule of Evidence 404(b)

The Government seeks to introduce evidence of two prior assaults pursuant to Federal Rule of Evidence 404(b) "to prove Defendant's motive, intent, knowledge, identity, and absence of mistake of accident." (Doc. 234 at 3.)

The threshold issue of whether the evidence is admissible under Rule 404(b) was not addressed on appeal. (*See* Docs. 256, 257.) Other-act evidence is probative of something other than criminal character when it: (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is sufficient to show the act was committed; and (4) if admitted to show intent, is similar to the charged offense. *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002).

The Government argues that the evidence is admissible under Rule 404(b)(2) because it is probative of something other than Mr. Riggs' criminal character. (Doc. 262 at 2.) Namely, the Government argues that the evidence is material, not too remote, sufficient, and similar. (*Id*. at 3-6.) Defendant, on the other hand, argues that the evidence is inadmissible under Rule 404(b)(2) because it is neither material nor sufficient. (Doc. 261 at 4-6.)

*First*, the evidence is material because it tends to prove a material element of the crime with which Mr. Riggs is currently charged. Defendant argues that the evidence "is

only material if it tends to establish Mr. Riggs' identity as the perpetrator of the fatal assault." (*Id.* at 4.) But this is not so. Mr. Riggs is charged with second degree murder, which requires that the Government prove beyond a reasonable doubt that he killed Mr. Martinez with malice aforethought. (Doc. 1.) As the Ninth Circuit recognized in *United States v. Berckmann*, other-act evidence between the same defendant and victim elucidates the history of the relationship and "speaks to a defendant's intent." 971 F.3d 999, 1002 (9th Cir. 2020). This evidence "can shed light on the mindset of the defendant during the charged crime, such as whether there was a grudge between the two, a desire for payback of some sort, or that the defendant had the intent to exert control over this particular victim through violence." *Id.* Here, evidence of prior domestic violence sheds light on whether Mr. Riggs killed Mr. Martinez with malice aforethought. As such, the Court finds that evidence of Mr. Riggs' prior assaults on Mr. Martinez is material, and the assaults are "textbook examples of evidence admissible under Rule 404(b)." *Id.*

*Second*, the evidence is not too remote in time. The Ninth Circuit has not identified a hardline rule regarding "a particular number of years after which past conduct becomes too remote." *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (citing *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990)). The assaults occurred within two years of the charged crime. (Doc. 262 at 4.) Because these acts speak to Defendant's intent and are similar to the charged crime, they are probative despite the passage of time. *See Johnson*, 132 F.3d at 1283 (finding that the remoteness criterion was satisfied despite 13 years elapsing because "depending upon the theory of admissibility and the similarity of the acts . . . some remote acts may be extremely probative and relevant") (citation omitted).

*Third*, the evidence is sufficient. Sufficient evidence of the prior bad acts exists if a jury can "reasonably conclude that the acts occurred and that the defendant was the actor." *Hadley*, 918 F.2d at 851 (citation omitted). Defendant argues that without statements from Mr. Martinez identifying Mr. Riggs, there is insufficient evidence that Mr. Riggs was the assailant. (Doc. 261 at 6.) But the Government indicated at the May 15 Hearing and in its briefing that it anticipates officer testimony regarding Defendant's actions and statements

verifying that the two were together and an altercation occurred. (Doc. 262 at 5.) With this context, the Court finds that a jury may reasonably conclude either that Mr. Riggs was the assailant of the assaults against Mr. Martinez on March 10 and November 14, 2017, or that such an inference is unwarranted for lack of direct evidence of Mr. Riggs's involvement.

*Fourth*, the other acts are sufficiently similar to the charged conduct. Other acts must be similar to the charged conduct if admitted to prove intent. *United States v. Ayers*, 924 F.2d 1468, 1474 (9th Cir. 1991). Mr. Martinez suffered injuries to the head in all three situations. Additionally, the similarity prong is analyzed akin to the materiality prong because all three scenarios involved the identical assailant and victim. *See Berckmann*, 971 F.3d at 1002.

For these reasons, the Court finds that the evidence is admissible as other-act evidence under Rule 404(b).

### B. Confrontation Clause

The Sixth Amendment of the United States Constitution provides "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Known as the Confrontation Clause, this rule bars admission of out-of-court statements by a non-testifying declarant which are testimonial in nature. *See Crawford v. Washington*, 541 U.S. 36, 53-55 (2004). A statement is "testimonial when the circumstances objectively indicate that there is no [] ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). A conversation "which begins as an interrogation to determine the need for emergency assistance" can "evolve into testimonial statements," once the ongoing emergency ends. *Id.* at 828 (cleaned up).

The Government argues that Mr. Martinez's statements are not testimonial because they were made for the purposes of medical diagnosis or treatment. (Doc. 262 at 6.) Defendant argues that even statements made to medical personnel may be testimonial and that the Court should evaluate all relevant circumstances. (Doc. 261 at 7-8.)

The Ninth Circuit barred Mr. Martinez's statements to police officers under the Confrontation Clause but left open application of the Confrontation Clause to Mr. Martinez's statements to paramedics. (*See* Doc. 228-1 at 2-4.) Generally, "statements made for medical diagnosis or treatment likely will not be testimonial." *United States v. Latu*, 46 F.4th 1175, 1181-82 (9th Cir. 2022).

The Court has analyzed the offered evidence, line-by-line, and concludes as follows:

- Exhibit 1 – Mr. Martinez's statement to a paramedic that he was "beat up" had the primary purpose of meeting the ongoing emergency presented by Mr. Martinez's injuries. *See Latu*, F.4th at 1181. As exemplified by the paramedic's question regarding checking Mr. Martinez's physical condition, the paramedic elicited information about his injuries "not to prosecute his assailant but to help address the ongoing threat to his health created by his injuries." *Id*.

- Exhibit 2 – The same is true regarding Mr. Martinez's statements regarding getting kicked. This response was elicited from the paramedic's effort to understand his ongoing injuries, not to prosecute his assailant.

- Exhibit 9 – The same is true regarding Mr. Martinez's statements describing injuries to his head on November 14, 2017. The paramedics can be seen wearing gloves and asking Mr. Martinez how many times he was hit. Mr. Martinez's statements were made in the medical context, and their primary purpose was to address the ongoing injuries.

- Exhibit 10 – The same is true regarding Mr. Martinez's statements regarding consciousness, dizziness, and being kicked. His statements were made in response to the paramedics' questions "to better understand the type and severity of injuries from which he was still suffering." *Id*. The same is true regarding Mr. Martinez's statements regarding his prior head surgery, as they are relevant to the paramedics' assessment of Mr. Martinez's ongoing injuries.

The Court finds that the offered statements are non-testimonial. All of them were spoken to paramedics for the purposes of diagnosing and treating Mr. Martinez's then-

1 present injuries. If offered at trial, none of these statements would violate the Confrontation
2 Clause.

### C. Medical Diagnosis Hearsay Exception

All of the offered statements are hearsay. To be admitted at trial, each must satisfy at least one hearsay exception.

Federal Rule of Evidence 803(4) provides that a statement which "is made for—and is reasonably pertinent to—medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause" is not excluded by the rule against hearsay.

The Government argues that Mr. Martinez's statements to paramedics were made for the purpose of medical treatment. Fed. R. Evid. 803(4). Defendant concedes these statements fall within the medical diagnosis exception, but again contests that the evidence does not show that Mr. Riggs was the assailant. (Doc. 261 at 9-10.) As to the medical diagnosis hearsay exception, the Ninth Circuit's remand order only held that Mr. Martinez's statements to the *police* did not fall under the medical diagnosis exception. (Doc. 228-1 at 5.)

Each of Mr. Martinez's statements to the paramedics fall within the requirements of Rule 803(4). Each statement (1) was made for the purpose of medical diagnosis or treatment and (2) described his symptoms, their inception, or their general cause. *See Latu*, F.4th at 1179; Fed. R. Evid. 803(4). In accordance with the Ninth Circuit's guidance, the Court performs a line-by-line analysis of the video evidence as follows:

- Exhibit 1 – The paramedic's question regarding checking Mr. Martinez out demonstrates that each statement made by Mr. Martinez was for the purpose of medical diagnosis. Mr. Martinez describes his symptoms (pain to his head) and their inception (getting "beat up").
- Exhibit 2 – The paramedic's question regarding difficulty breathing shows that the objective context of the statements was for the purpose of medical diagnosis. *See Latu*, F.4th at 1179. Mr. Martinez describes the general cause of his symptoms

(getting kicked).

- Exhibit 9 – The context of the video shows paramedics tending to Mr. Martinez's head. The paramedics are wearing gloves and asking questions about the injuries, which demonstrates that Mr. Martinez's statements were made for the purpose of medical diagnosis and treatment. Mr. Martinez describes his symptoms (pain and bumps on head) and their inception (getting hit in the head).
- Exhibit 10 – The same context from Exhibit 9 applies to Exhibit 10. The paramedics ask Mr. Martinez questions regarding his symptoms, showing that Mr. Martinez's responses were made for the purposes of medical diagnosis. Mr. Martinez describes his symptoms (dizziness, blood, pain to head) and their inception (getting hit, being kicked out the door).

The Court therefore finds that Mr. Martinez's statements in Exhibits 1, 2, 9, and 10 are admissible hearsay under the medical diagnosis exception.

### D.     Federal Rule of Evidence 403

The final issue the Court must evaluate is whether the evidence is substantially more prejudicial than it is probative. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice").

The Government argues that the other-act evidence should be admitted because its probative value is not substantially outweighed by unfair prejudice, as none of the other acts would shock the conscience of the jury. (Doc. 262 at 8-9 (citing *United States v. Chesney*, 86 F.3d 564, 573 (6th Cir. 1996); *United States v. Garcia-Meza*, 403 F.3d 364, 369 (6th Cir. 2005)).) Defendant, on the other hand, argues that the probative value of the other-act evidence is substantially outweighed by its prejudicial effect because of the "remoteness, dissimilarity, and weak evidentiary basis for the proffered events." (Doc. 261 at 19.) Defendant further argues that this is the type of propensity evidence which the Court should exclude. (*Id.*); s*ee United States v. Charley*, 1 F.4th 637, 640 (9th Cir. 2021).

The Court finds that the probative value of the evidence is not substantially

outweighed by any prejudicial effect. This is a second-degree murder case, and evidence regarding Mr. Riggs' attacks on Mr. Martinez in 2017 are quite probative of his intent on February 16, 2019. *See Berckmann*, 971 F.3d at 1004. As previously explained, the evidence is particularly probative here because it pertains to assaults between the same victim and defendant. *Id.* at 1002. Probative evidence is, by nature, prejudicial to some degree, *id*. at 1004, but "even where evidence is *highly* prejudicial, it is not necessarily *unfairly* prejudicial." *United States v. Thornhill*, 940 F.3d 1114, 1123 (9th Cir. 2019) (emphasis in original) (citing *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006)).

In sum, the Court finds that the evidence (Doc. 254) is admissible because it does not raise any Rule 404(b), Confrontation Clause, hearsay, or Rule 403 issues.

### E. Photographs and Still Images

While this Order primarily focuses on Mr. Martinez's statements contained in the body-worn camera footage, the analysis also applies to the images proffered by the Government. Defendant does not appear to specifically contest the admissibility of the photographs or still images. (*See generally* Doc. 261.) Rather, the Parties focus on the statements made by Mr. Martinez and recorded by the first responders' body-worn cameras, which are not present in the photographs and still images. The Court's analysis regarding Rules 404(b) and 403, *see supra* Sections A, D, also apply to the eight photographs and still images contained within the Governments Exhibit List. (Doc. 254.)

### V. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Defendant's Motion to Preclude Other Act Evidence. (Doc. 245.)

Dated this 30th day of June, 2025.

Michael T. Liburdi
United States District Judge